Aksana M. Coone, Esq. (SBN 190125)
LAW OFFICES OF AKSANA M. COONE
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: (310) 556-9650
Facsimile: (310) 954-9008
Email: aksana@coonelaw.com

Attorneys for Plaintiff,
PAUL BRISK

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL BRISK<br><br>　　　　Plaintiff,<br><br>Vs.<br><br>CRYSTAL CRUISES, LLC,<br><br>　　　　Defendant. | Case No.:   2:18-cv-00155<br><br>**COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES AND DEMAND FOR JURY TRIAL** |

COMES NOW the plaintiff, PAUL BRISK (hereinafter "Plaintiff") and alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages for personal injuries suffered while Plaintiff was a fare paying passenger aboard a cruise ship operating on the high seas in navigable waters. Jurisdiction is vested in this Court under 28 U.S.C. § 1333 and the general maritime law of the United States. Venue is proper in this District pursuant to 28 U.S.C § 1391(b) because Defendant CRYSTAL CRUISES, LLC is a California Limited Liability Company with its principal place of business in

Los Angeles County, California and based on the forum selection clause in Defendant's passage contract that requires that all disputes "shall be litigated before the United States District Court for the Central District of California in Los Angeles."

## THE PARTIES

2. Plaintiff is a resident of the State of Ohio.

3. At all times herein material, Defendant CRYSTAL CRUISES, LLC, (hereinafter "Defendant") was a limited liability company doing business in, and with its principal place of business in the County of Los Angeles.

4. At all times herein material, Defendant is a common carrier engaged in the business of marketing, selling and operating a cruise line out of various ports within the continental United States, including Los Angeles, California.

## FIRST CAUSE OF ACTION AGAINST DEFENDANT
### (Negligence-General Maritime Law)

5. On or about January 11, 2017 and at all times herein material, Defendant owned, managed, operated, maintained, supervised, inspected and/or controlled the ocean-going passenger vessel known as *Crystal Serenity* which was operating on navigable waters of the United States and the high seas.

6. As the owner and operator of the vessel *Crystal Serenity*, Defendant owed Plaintiff a duty to exercise reasonable care under the circumstances to avoid causing him personal injuries. Defendant had a further duty to warn Plaintiff of any dangerous conditions which were known to Defendant or could have been known to Defendant by reasonable inspection.

7. On or about the above-mentioned date, Plaintiff walked on the dance floor in the Crystal Cove, a piano bar aboard the vessel, during the vessel's world cruise party. Defendant released confetti and balloons on to the overly-crowded dance floor, that caused Plaintiff to step on a balloon, lose his balance and fall against a rail and injure his right shoulder and arm and to fall and injure his head.

8. On or about January 11, 2017, Defendant breached its duty of care to Plaintiff, and as part of a continuous course of conduct, negligently owned, operated, maintained, controlled, supervised and inspected the *Crystal Serenity*, its gear and equipment, including the areas of the Crystal Cove, the decks, furniture and other objects in that area and the dance floor in a dangerous, unsafe, and defective condition, and negligently:

    a. caused and/or allowed a dangerous and unsafe condition to exist in the areas of the Crystal Cove;

    b. caused and/or allowed a crowd to form causing a hazardous condition;

    c. failed to warn Plaintiff of a dangerous condition existing in the Crystal Cove;

    d. failed to properly inspect and maintain the areas of the Crystal Cove;

    e. failed to properly train, instruct and supervise Defendant's employees and agents to properly maintain and inspect the areas of the Crystal Cove;

    f. failed to promulgate and/or enforce adequate polices and/or procedures so as to maintain reasonably safe conditions in the areas of the Crystal Cove and for the proper maintenance and inspection of the area;

    g. failed to promulgate and/or enforce adequate polices and/or procedures intended to prevent or manage the resulting overcrowding of the area; and/or

    h. in other manners expected to be discovered during the course of ongoing investigation and discovery, all of which caused the vessel to be overly crowded and dangerous and unsafe causing Plaintiff to sustain serious personal injuries.

9. Defendant knew of the foregoing dangerous and unsafe conditions that caused Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that defendant, in the exercise of reasonable care

and proper inspection and maintenance, knew of them or should have learned of them and corrected them and/or warned Plaintiff of them. Insofar as it relates to conditions that Defendant did not create, if any, Defendant's knowledge was or should have been acquired through prior incidents or from its maintenance and inspections of the area where the accident happened.

10. As a direct and proximate result of the incident alleged herein, Plaintiff was hurt and injured his health, strength and activity, suffered a head injury, right shoulder and arm injury and suffered other severe injury to his body and shock and injury to his nervous system and person, all of which injuries have caused and continue to cause physical and emotional pain and suffering to the Plaintiff. Plaintiff is informed and believes, and thereupon alleges that some or all of his injuries will result in permanent damages, disability and pain and suffering and general damages to Plaintiff in an amount within the jurisdictional requirement of this Court.

11. As a further direct and proximate result of the incident alleged herein and the negligence, carelessness and the acts and omissions of Defendant, as hereinabove alleged, it was necessary for Plaintiff to receive medical care and treatment, and Plaintiff did sustain an expense for such medical treatment, care, medicines, and for other and further medical care. Plaintiff alleges the cost of the medical care and treatment, past and future, and other special damages according to proof at trial.

## **PRAYER**

WHEREFORE, Plaintiff PAUL BRISK prays for damages against Defendant as follows:

1. For general damages, according to proof;
2. For medical expenses, past and future according to proof;
3. For prejudgment interest;
4. For costs of suit; and

5. For other such relief as the Court may deem proper.

Dated: January 8, 2018              **LAW OFFICES OF AKSANA M. COONE**

                                    By: /S/ Aksana M. Coone
                                        Aksana M. Coone, Esq.
                                        Attorneys for Plaintiff,
                                        PAUL BRISK

### DEMAND FOR JURY TRIAL

Plaintiff, PAUL BRISK, demands a jury trial in this case.

Dated: January 8, 2018              **LAW OFFICES OF AKSANA M. COONE**

                                    By: /S/ Aksana M. Coone
                                        Aksana M. Coone, Esq.
                                        Attorneys for Plaintiff,
                                        PAUL BRISK